CARLTON, J.,
for the Court.
¶ 1. On September 27, 2007, Marcus D. Cole (“Cole”) was convicted in the Attala County Circuit Court of the felony crime *252 of fleeing a law enforcement officer in a motor vehicle. See Mississippi Code Annotated section 97-9-72 (Rev.2006). He was sentenced to a term of five years with the Mississippi Department of Corrections (MDOC) with one year to serve and four years suspended on post-release supervision. Cole filed his motion for a judgment notwithstanding the verdict or, alternatively, a new trial on October 3, 2007. The trial court denied the motion. On October 25, 2007, Cole appealed the trial court’s denial. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On the evening of June 18, 2007, Officer Mark Gilmore of the Kosciusko Police Department was out on patrol near the Yorkshire Apartments in Kosciusko when he saw a white Lincoln leaving the apartments at a high rate of speed. He followed the vehicle onto Highway 12 to run the tag. Although he did not clock the driver’s speed, through “pacing” the vehicle by following it at a similar rate of speed, Officer Gilmore determined that the car was speeding. He called in the tag to dispatch and was told that the Lincoln’s tag was expired. Officer Gilmore then activated his blue lights and siren and attempted to pull the car over. However, upon doing so, the driver of the Lincoln fled by increasing his speed up to 95 miles per hour and running through several red lights.
¶3. The chase proceeded out of town and down Highway 12. Moments later, William Wingo (“Wingo”) approached an intersection on Highway 12. Noticing the chase, Wingo stopped short of the stop sign to stay out of the way. The driver of the Lincoln then made a sharp right turn at the stop sign where Wingo was waiting and slammed into the side of Wingo’s car. However, after the crash, the driver of the Lincoln did not stop. Instead, he continued down a dead-end dirt road and into an open field. The driver then turned off the vehicle’s headlights. Officer Gilmore testified he then beamed his squad car’s spotlights at the Lincoln. The driver of the Lincoln then turned his lights back on and drove toward Officer Gilmore. Officer Gilmore stated he had to swerve his vehicle to avoid being hit by the Lincoln. In observing the approaching Lincoln, Officer Gilmore recognized the driver to be Cole, a former high school classmate.
¶ 4. Officer Gilmore continued to pursue the Lincoln for several more miles. Then, once again, the driver of the Lincoln turned around and drove in Officer Gilmore’s direction. Officer Gilmore testified that at this point he was able to make a positive identification of Cole as the driver. However, no arrest was made that night because Officer Gilmore lost the Lincoln’s “dust trail,” thus, ending the pursuit.
¶ 5. The next day, on June 19, Cole contacted the Attala County Sheriffs Department and reported his Lincoln as stolen. Cole told Deputy Tim Nail that the last time he had seen his car was on June 15. Cole also stated that the ignition in his car was broken, so that someone would have had to have fixed the ignition in order to steal his car. Deputy Frank Smith recovered Cole’s Lincoln several days later on Highway 51 in Holmes County. The Lincoln was returned to Cole. The following day Deputy Nail went to Cole’s home and took photographs of the car, which were entered into evidence at trial. Deputy Nail testified that Cole’s vehicle “appeared to have been wrecked.” He testified that there was no evidence indicating that Cole’s car had been stolen, and the ignition appeared intact.
¶ 6. Wingo, the driver of the car that was hit on the night of the chase, also testified at trial. He stated that although *253 he suffered no personal injuries, the wreck caused extensive damage to his vehicle. He further testified that although he did not see the driver’s face that night, he knew Cole and had seen Cole on prior occasions driving the white Lincoln that had crashed into his vehicle.
¶ 7. Cole put on an alibi defense and claimed that during the time of the police chase involving his Lincoln he was in Jackson, Mississippi visiting friends. He testified that on Tuesday, the day after the chase, he returned to his home in Kosciusko and noticed that his car was not parked in his yard where he had left it. He then reported his vehicle as being stolen.
¶ 8. Cole was indicted on September 4, 2007, for the felony crime of fleeing law enforcement in a motor vehicle under section 97-9-72. At trial, the jury found Cole guilty of the charged felony. Cole was sentenced to a term of five years in the custody of the MDOC with one year to serve and four years suspended on post-release supervision. Upon appeal, Cole alleged that the trial court erred when it: (1) failed to grant his motion for a judgment notwithstanding the verdict as the evidence was not sufficient to support a conviction of felonious fleeing and (2) failed to grant his motion for a new trial because the verdict was against the overwhelming weight of the evidence.
DISCUSSION
I. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT COLE’S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT (JNOV).
¶ 9. Cole asserts that if this Court finds the jury properly determined Cole to be the driver of the Lincoln, then, the Court should find that the trial court erred in denying Cole’s motion for a JNOV. Cole argues that he should have been charged with the misdemeanor crime of fleeing from a law enforcement officer under section 97-9-72(1) instead of felonious fleeing of a law enforcement officer under section 97-9-72(2). This Court finds the trial court did not err in denying Cole’s motion for a JNOV because the evidence was sufficient for the jury to conclude that Cole was guilty beyond reasonable doubt of felonious fleeing of a law enforcement officer.
¶ 10. A motion for a JNOV challenges the sufficiency of the evidence. Montana v. State, 822 So.2d 954, 967(¶ 58) (Miss.2002). With respect to each element of the offense, the evidence is considered “in the light most favorable to the State, giving the State the benefit of all favorable inference that may be reasonably drawn from the evidence.” Id. Matters regarding the weight and credibility of the evidence are resolved by the jury. Jones v. State, 918 So.2d 1220, 1234(¶ 34) (Miss.2005) (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987)). The Court “may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” Id.
¶ 11. Here, Cole was charged with the felony offense of fleeing a law enforcement officer in a motor vehicle and not the misdemeanor offense. Section 97-9-72(1)-(2) provides:
(1) The driver of a motor vehicle who is given a visible or audible signal by a law enforcement officer by hand, voice, emergency light or siren directing the driver to bring his motor vehicle to a stop when such signal is given by a law enforcement officer acting in the lawful performance of duty who has a reasonable suspicion to believe that the driver in question has committed a crime, and *254 who willfully fails to obey such direction shall be guilty of a misdemeanor....
(2) Any person who is guilty of violating subsection (1) of this section by operating a motor vehicle in such a manner as to indicate a reckless or willful disregard for the safety of persons or property, or who so operates' a motor vehicle in a manner manifesting extreme indifference to the value of human life, shall be guilty of a felony....
¶ 12. Cole argues in his brief that he should have been charged with misdemeanor versus felonious fleeing of a police officer because “the police chase did not occur around a lot of vehicles and ... was not endangering the lives of other citizens.” He also claims that because Wingo was not injured when he crashed his Lincoln into Wingo’s car that, essentially, his driving did not constitute a reckless or willful disregard for the safety of persons or property.
¶ 13. With this in mind, we turn again to the facts of the case. According to Officer Gilmore’s testimony, on June 18, 2007, Officer Gilmore attempted to pull over a Lincoln after he had reasonable suspicion to believe the driver was speeding and after dispatch had notified him that the Lincoln’s tag was expired. The driver of the Lincoln failed to pull over, and a car chase ensued. Officer Gilmore testified that at that point, the driver of the Lincoln was speeding up to 95 miles per hour and was running stop signs within the city limits. Officer Gilmore also testified that he purposefully had to move his own vehicle out of the oncoming path of the Lincoln on at least one occasion. Moreover, the driver of the Lincoln caused a wreck when he took a sharp turn off Highway 12 and crashed into Wingo, who testified that he had purposely moved his vehicle back to get out of the way of the approaching police chase.
¶ 14. The Court finds that the above testimony could logically lead a fair-minded juror to conclude that Cole’s driving was done with a reckless and willful disregard of the safety of persons and property. In reviewing all of the above evidence in the light most favorable to the State, the Court further finds that any fair-minded juror could have found the State proved beyond a reasonable doubt, each and every element of the felony crime of fleeing a law enforcement officer in a motor vehicle. Therefore, the Court finds no error in denying Cole’s motion for a JNOV.
II. WHETHER THE GUILTY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 15. Cole argues in his appeal that “[g]iven the dark and dusty conditions of the police chase, coupled with the unexplained discrepancies regarding the expiration date of the Lincoln’s car tag, the jury gave undeserved weight to Officer Gilmore’s identification of Cole as the driver of the fleeing car.” From the record before this Court, we are unable to find that the jury’s verdict was contrary to the overwhelming weight of the evidence. Therefore, we find the trial court committed no error in denying Cole’s motion for a new trial.
¶ 16. “In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence [that] supports the verdict and will reverse only when convinced that the [trial] court has abused its discretion in failing to grant a new trial.” Montana, 822 So.2d at 967(¶ 61). This Court will overturn a verdict only when to allow it to stand would sanction an unconscionable injustice. Id.
¶ 17. Cole puts much emphasis in his brief on the fact that pictures taken of *255 his vehicle shortly after it was recovered show that the car tag’s sticker expiration was November 2007. Thus, Cole argues that because the chase took place in June 2007, his November 2007 car tag would not have been expired at the time of the chase. Cole first took notice of this factual discrepancy during jury deliberations when the jury specifically asked whether the tag was expired at the time of the chase. Cole argues that this possible mistake of fact by Officer Gilmore puts the jury’s verdict in jeopardy. We disagree.
¶ 18. Even if Officer Gilmore had mistakenly believed Cole’s car tag to be expired, this does not automatically render the reasonable suspicion in this case defective, as long as Officer Gilmore’s reasonable suspicion was based on good faith and a reasonable basis. See Loveless v. City of Booneville, 972 So.2d 723, 730-31(¶ 18) (Miss.Ct.App.2007) (quoting Harrison v. State, 800 So.2d 1134, 1138-39(¶ 19) (Miss. 2001)). “The Mississippi Supreme Court has recognized that under reasonable circumstances an officer may stop a suspect ‘to resolve an ambiguous situation’ with less knowledge than justifies arrest, i.e. on less than probable cause.” Id. at 730 n. 10.
¶ 19. Here, Officer Gilmore testified that the driver of the Lincoln was speeding out of an apartment complex. He then called in the car tag, which dispatch notified him was expired. As a result, Officer Gilmore had more than reasonable suspicion to pull over the driver of the Lincoln for both offenses. Additionally, Cole never argued at trial that Officer Gilmore’s reasonable suspicion to pull him over was made without good faith or a reasonable basis. Therefore, Cole’s argument fails.
¶ 20. Moreover, when the jury deliberated, it had before it the testimony of, among others, Cole himself. Cole put on an alibi defense and claimed he was in Jackson, Mississippi during the time of the chase. Cole testified that when he left town for Jackson, his Lincoln was parked in his front yard and “the steering column was laying in the driver’s seat,” so that the car was inoperable. Cole also acknowledged that he keeps several pit bulls tied up in his front yard. On cross-examination, Cole agreed with the prosecutor that whoever stole his car would have needed the skills of a mechanic, who was willing to work in the presence of a pack of pit bulls, to get the car up and running. Furthermore, Cole testified that he left the keys in his car when he went out of town because he “stay [sic] in the country ... and [has] no problem with nobody [sic] stealing.”
¶ 21. Again, from the record, this Court cannot find that the jury’s guilty verdict was contrary to the overwhelming weight of the evidence. Therefore, we find that the trial court properly denied Cole’s motion for a new trial. Finding no reversible error, we affirm Cole’s conviction and sentence.
¶ 22. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT OF CONVICTION OF FELONY FLEEING OF A LAW ENFORCEMENT OFFICER IN A MOTOR VEHICLE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FOUR YEARS SUSPENDED AND ON POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.